FILED
12-06-2019
Clerk of Court
Douglas County, WI
2019CV000363

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **DOUGLAS**

Hugh C. Smith vs. Unum Life Insurance Company of America

**Electronic Filing Notice**

Case No. 2019CV000363
Class Code: Other-Contract

UNUM LIFE INSURANCE COMPANY OF AMERICA
2211 CONGRESS STREET
PORTLAND ME 04122

Case number 2019CV000363 was electronically filed with/converted by the Douglas County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 7248d2**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-395-1203.

Douglas County Circuit Court
Date: December 6, 2019



RECEIVED
JAN 1 0 2020
LEGAL DEPARTMENT

1-10-2020

GF-180(CCAP), 06/2017 Electronic Filing Notice     § 801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

**EXHIBIT A**

FILED
12-06-2019
Clerk of Court
Douglas County, WI
2019CV000363

| STATE OF WISCONSIN | IN CIRCUIT COURT | FOR DOUGLAS COUNTY |
|---|---|---|

HUGH C. SMITH,

    Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA

    Defendant

Case No:
Case Code:

## SUMMONS

THE STATE OF WISCONSIN

To each person named above as a Defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within Twenty (20) days of receiving this Summons (60 days if you are the United States, Forty-five (45) days if you are the State of Wisconsin or an insurance company), you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the Statutes. The answer must be sent or delivered to the Court, whose address is 1313 Belknap Street, Superior, Wisconsin 54880, and to Torvinen, Jones, Routh & Torvinen, S.C., 823 Belknap Street, Suite 222, Superior, WI 54880.

If you do not provide a proper answer within Twenty (20) days of receiving this Summons (60 days if you are the United States, Forty-five (45) days if you are the State of Wisconsin or an insurance company), the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 4 day of December 2019.

TORVINEN, JONES, ROUTH, TORVINEN & SAUNDERS, S.C.

_____
Kyle H. Torvinen (Bar No. 1022069)
Attorney for Plaintiff Hugh C. Smith
823 Belknap Street, Suite 222
Superior, WI 54880
Telephone: 715-394-7751
Facsimile: 715-395-0923
Email: ktorvinen@superiorlawoffices.com

2

FILED
12-06-2019
Clerk of Court
Douglas County, WI
2019CV000363

**STATE OF WISCONSIN          IN CIRCUIT COURT          FOR DOUGLAS COUNTY**

---

HUGH C. SMITH,

      Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

      Defendant

Case No:
Case Code:

---

## COMPLAINT

---

    Plaintiff, Hugh C. Smith, by his attorneys, Torvinen, Jones, Routh, Torvinen & Saunders, S.C., by Kyle H. Torvinen, for his complaint against Unum Life Insurance Company of America, alleges as follows:

### JURISDICTION AND VENUE

    1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*; Plaintiff asserts that he has been denied long-term disability benefits in violation 29 U.S.C. § 1132. As a court of competent jurisdiction, this Court has presumptive subject matter jurisdiction over ERISA, 29 U.S.C. §§ 1132(a), (e)(l) and (f), and 28 U.S.C. § 1331. Venue is proper because all events associated with the case occurred in Douglas County, Wisconsin.

### THE PARTIES

    2. Plaintiff, Hugh C. Smith ("Smith") (d.o.b. 07/04/1958) is an adult residing at 2428 Hughitt Avenue, Superior, Wisconsin 54880.

3. Defendant Unum Life Insurance Company of America ("Unum" or, alternatively "Plan") is an employee welfare benefit plan with its principal place of business 2211 Congress Street, Portland, Maine 04122, and which is governed by ERISA pursuant to 29 U.S.C §§ 1002(1), 1003(a), and 1132(d). It has and does substantial and not isolated business in Wisconsin, specifically Douglas County.

## FACTUAL BACKGROUND

4. At all times relevant to this action, Plaintiff was employed by Husky Energy/U.S. Refinery, until June 27, 2018, when he became disabled.

5. Husky Energy/U.S. Refinery offers its employees a long-term disability plan through Unum.

6. The Unum LTD plan is paid for by Husky Energy/U.S. Refinery for its employees.

7. On or about June 27, 2018, Plaintiff applied for LTD benefits under the Plan, alleging disability beginning June 27, 2018. Prior to his application, which was facilitated by his employer, Mr. Smith was largely unaware of the prospect of applying for the LTD benefit. His employer strenuously encouraged him to apply for the benefit, and advised that the Human Resources Department would assist in assuring that the application was granted.

8. Pursuant to the terms of the Plan, Unum was given the authority to make all LTD determinations.

9. Other provisions of the Plan provided *inter alia*, all as more fully set forth in Exhibit A, attached hereto.

## BENEFITS AT A GLANCE

**ELIMINATION PERIOD:** 180 days

Benefits begin the day after the elimination period is completed.

**MONTHLY BENEFIT:**

    65% of monthly earnings to a maximum benefit of $10,000 per month.
    Your payment may be reduced by deductible sources of income and disability earnings.
    Some disabilities might not be covered or may have limited coverage under this plan.

**MAXIMUM PERIOD OF PAYMENT:**

| Age at Disability | Maximum Period of Payment |
|---|---|
| Less than Age 62 | To Social Security Normal Retirement Age |
| Age 63 | 60 months |
| Age 64 | 48 months |
| Age 65 | 42 months |
| Age 66 | 36 months |
| Age 67 | 30 months |
| Age 68 | 18 months |
| Age 69 or older | 12 months |

| Year of Birth | Social Security Normal Retirement Age |
|---|---|
| 1937 or before | 65 years |
| 1938 | 65 years 2 months |
| 1939 | 65 years 4 months |
| 1940 | 65 years 6 months |
| 1941 | 65 years 8 months |
| 1942 | 65 years 10 months |
| 1943-1954 | 66 years |
| 1955 | 66 years 2 months |
| 1956 | 66 years 4 months |
| 1957 | 66 years 6 months |
| 1958 | 66 years 8 months |
| 1959 | 66 years 10 months |
| 1960 and after | 67 years |

No premium payments are required for your coverage while you are receiving payments under this plan.

\*\*\*

# CLAIM INFORMATION
# LONG TERM DISABILITY

**HOW DO YOU FILE PROOF OF CLAIM?**
You and your employer must fill out your own sections of the claim form and then give it to your attending physician. Your physician should fill out his or her section of the form and send it directly to Unum.

3

The form to use to submit you proof of claim is available from your Employer, or you can request the form from us. If you do not receive the form from Unum or your Employer within 15 days of your request, send Unum proof of claim without waiting for the form.

**WHAT INFORMATION IS NEEDED AS PROOF OF YOUR CLAIM?**

Proof of your claim, provided at your expense, must show:

- The date your disability began;
- The existence and cause of your sickness or injury;
- That your sickness or injury causes you to have limitations on your functioning and restrictions on your activities preventing you from performing the material and substantial duties of you regular occupation or of any other gainful occupation for which you are reasonably fitted by education, training, or experience.
- That you are under the **regular care** of a **physician**;
- The name and address of any **hospital** or **institution** where you received treatment, including all attending physicians; and
- The appropriate documentation of your monthly earnings, any disability earnings, and any deductible sources of income.

In some cases, you will be required to give Unum authorization to obtain additional medical information and to provide non-medical information as part of your proof of claim, or proof of continuing disability. We may also require that you send us appropriate financial records, which may include income tax returns, which we believe are necessary to substantiate your income. We may request that you send periodic proof of your claim. This proof, provided at your expense, must be received within 45 days of a request by us. Unum will deny your claim, or stop sending you payments, if the appropriate information is not submitted.

We may require you to be examined by a physician, other medical practitioner and /or vocational expert of our choice. Unum will pay for this examination. We can require an examination as often as it is reasonable to do so. We may also require you to meet with and be interviewed by an authorized Unum Representative. Unum will deny your claim, or stop sending you payments, if you fail to comply with our requests.

**LONG TERM DISABILITY**
**BENEFIT INFORMATION**

**HOW DOES UNUM DEFINE DISABILITY FOR THE FIRST 24 MONTHS OF PAYMENTS?**

You are disabled when Unum determines that due to your sickness or injury:

1. You are unable to perform the material and substantial duties of your regular occupation and are not working in your regular occupation or any other occupation

or,

4

2. You are unable to perform one or more of the material and substantial duties of your regular occupation, and you have a 20% or more loss in your **indexed monthly earnings** while working in your regular occupation or in any occupation.

You must be under the regular care of a physician in order to be considered disabled.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

**HOW DOES UNUM DEFINE DISABILITY AFTER 24 MONTHS OF PAYMENTS?**

You are disabled when Unum determines that due to the same sickness or injury:

You are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

You must be under the regular care of a physician in order to be considered disabled.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

\*\*\*

**HOW LONG MUST YOU BE DISABLED BEFORE YOU ARE ELIGIBLE TO RECEIVE BENEFITS?**

You must be continuously disabled through your elimination period. Unum will treat your disability as continuous if your disability stops for 30 days or less during the elimination period. The days that you are not disabled will not count toward you elimination period.

Your elimination period is 180 days.

You are not required to have a 20% or more loss in your indexed monthly earnings due to the same injury or sickness to be considered disabled during the elimination period.

\*\*\*

**HOW MUCH WILL UNUM PAY IF YOU ARE DISABLED?**

We will follow this process to figure your payment:

1. Multiply your monthly earnings by 65%.
2. The maximum monthly benefit is $10,000.
3. Compare the answer from Item 1 with the maximum monthly benefit. The lesser of these two amounts is your gross disability payment.

5

4. Subtract from your gross disability payment any **deductible sources of income**.

The amount figured in Item 4 is your monthly payment.

Your monthly payment may be reduced based on your disability earnings.

If, at any time after the elimination period, you are disabled for less than 1 month, we will send you 1/30 of your monthly payment for each day of disability and 1/30 of any additional benefits for each day of disability.

\*\*\*

**WHAT ARE YOUR MONTHLY EARNINGS?**

"Monthly Earnings" means your gross monthly income from your Employer in effect just prior to your date of disability. It includes your total income before taxes. It is prior to any deductions made for pr-tax contributions to a qualified deferred compensation plan, Section 125 plan, or flexible spending account. It does not include income received from commissions, bonuses, overtime pay, any other extra compensation, or income received from sources other than you Employer.

\*\*\*

**GLOSSARY**

**PHYSICIAN** means:

- a person performing tasks that are within the limits of his or her medical license; and
- a person who is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or
- a person with a doctoral degree in Psychology (Ph.D. or Psy.D.) whose Primary practice is treating patients; or
- a person who is a legally qualified medical practitioner according to the laws and regulation of the governing jurisdiction.

\*\*\*

**REGULAR OCCUPATION** means the manifestations of your condition which you tell your physician, that are not verifiable using tests, procedures or clinical examinations standardly accepted in the practice of medicine. Examples of self-reported symptoms include, but are not limited to headaches, pain, fatigue, stiffness, soreness, ringing in ears, dizziness, numbness and loss of energy.

\*\*\*

6

# ERISA
## Additional Summary Plan Description Information

If the policy provides benefits under a Plan which is subject to the Employee Retirement Income Security Act of 1974 (ERISA), the following provisions apply. These provisions, together with your certificate of coverage, constitute the summary plan description. The summary plan description and the policy constitute the Plan. Benefit determinations are controlled exclusively by the policy, your certificate of coverage and the information contained in this document.

**Name of Plan:**
> Lima Refining Company Plan

**Name and Address of Employer:**
> Lima Refining Company
> 1150 S. Metcalf Street
> Lima, Ohio 45804

\*\*\*

**Type of Welfare Plan:**
> Disability Income

**Type of Administration:**
> The Plan is administered by the Plan Administrator. Benefits are administered by the insurer and provided in accordance with the insurance policy issued to the Plan.

**Plan Administrator, Name, Address, and Telephone Number:**
> Lima Refining Company
> 1150 S. Metcalf Street
> Lima, Ohio 45804
> (419) 226-2300

> Lima Refining Company is the Plan Administrator and named fiduciary of the Plan, with authority to delegate its duties. The Plan Administrator may designate Trustees of the Plan, in which case the Administrator will advise you separately of the name, title and address of each Trustee.

**Agent for Service of Legal Process of the Plan:**
> Lima Refining Company
> 1150 S. Metcalf Street
> Lima, Ohio 45804

> Service of legal process may also be made upon the Plan Administrator, or a Trustee of the Plan, if any.

**Funding and Contributions:**

The Plan is funded by insurance issued by Unum Life Insurance Company of America, 2211 Congress Street, Portland, Maine 04122 (hereinafter referred to as "Unum") under policy number 702566 002. Contributions to the Plan are made as stated under "WHO PAYS FOR THE COVERAGE" in the Certificate of Coverage.

\*\*\*

**HOW TO FILE A CLAIM**
If you wish to file a claim for benefits, you should follow the claim procedures described in your insurance certificate. T complete your claim filing, Unum must receive the claim information it requests from you (or your authorized representative), your attending physician and your Employer. If you or your authorized representative has any questions about what to do, you or your authorized representative should contact Unum directly.

**CLAIMS PROCEDURES**
Unum will give you notice of the decision no later than 45 days after the claim is filed…If you claim for benefits is wholly or partially denied, the notice of adverse benefits determination under the Plan will:
- state the specific reason(s) for the determination;
- reference specific Plan provision(s) on which the determination is based;
- describe additional material or information necessary to complete the claim and why such information is necessary;
- describe Plan procedures and time limits for appealing the determination, and your right to obtain information about those procedures and the right to bring a lawsuit under Section 502(a) of ERISA following an adverse determination from Unum on appeal; and
- disclose any internal rule, guidelines, protocol or similar criterion relied on in making the adverse determination (or state that such information will be provided free of charge upon request).

**APPEAL PROCEDURES**

You have 180 days from the receipt of notice of an adverse benefit determination to file an appeal…you will have the opportunity to submit written comments, documents, or other information in support of your appeal You will have access to all relevant documents as defined by applicable U.S. Department of Labor regulations. The review of the adverse benefit determination will take into account all new information, whether or not presented or available at the initial determination. No deference will be afforded to the initial determination.

The review will be conducted by Unum and will be made by a person different from the person who made the initial determination and such person will not be the original decision maker's subordinate. In the case of a claim denied on the grounds of a medical judgment, Unum will consult with a health professional with appropriate training and experience. The health care professional who is consulted on appeal will not be the individual who was consulted during the initial determination or a subordinate. If the advice of a medical or vocation expert was obtained by the Plan in connection with the denial of your claim, Unum will provide you with the names of each such expert, regardless of whether the advice was relied upon.

A notice that your request on appeal is denied will contain the following information:
- the specific reason(s) for the determination;
- a reference specific Plan provision(s) on which the determination is based;
- a statement disclosing any internal rule, guidelines, protocol or similar criterion relied on in making the adverse determination (or a statement that such information will be provided free of charge upon request);
- a statement describing your right to bring a lawsuit under Section 502(a) of ERISA if you disagree with the decision;
- the statement that you are entitled to receive upon request, and without charge, reasonable access to or copies of all documents, records and other information relevant to the determination; and
- the statement that "You or your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your State insurance regulatory agency."

Notice of the determination may be provided in written or electronic form. Electronic notices will be provided in a form that complies with any applicable legal requirements.

Unless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim.

**YOUR RIGHTS UNDER ERISA**

As a participant in the Plan you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all Plan participants shall be entitled to:

\*\*\*

Prudent Actions by Plan Fiduciaries

In addition to creating rights for Plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your Plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other Plan participants and beneficiaries. No one, including your Employer or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a benefit or exercising your rights under ERISA.

Enforce Your Rights

If your claim for a benefit is denied or ignored, in whole or in part, you have a right to know why this was done…and to appeal any denial, all within certain time schedules.

9

If you have a claim for benefits that is denied or ignored, in whole or in part, you may file suit in a state or federal court…The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees.

*\*\*\**

### Unum's Commitment to Privacy

**Coverage Decisions**

If we decide not to issue coverage to you, we will provide you with the specific reason(s) for our decision. We will also tell you how to access and correct certain NPI.

10. After applying and during the processing of his application, Plaintiff provided Unum with relevant information and documents supporting his disability claim. Among other things, Plaintiff supplied Unum with medical records reflecting his disability.

11. After considering all the relevant information, Unum determined on October 29, 2018, that "Plaintiff's records do not support a conclusion that [he] was precluded from performing the material and substantial duties of [his] regular occupation…"

12. Around November 7, 2018, Mr. Smith was advised by his employer that they would not return him to work under any circumstances, because of disability associated with his back. However, they promised to further ensure that the long term disability application through Unum would be approved, telling Mr. Smith "that is exactly what it is for."

13. Mr. Smith was deeply concerned because the only job he is qualified to perform in the economy and which he had performed for 31 years, was in and as an oil movements pumper process unit – crude unit operator laborer/loader. That position has a unique skill set, limited to refinery operations.

14. There are a limited number of refineries and a corresponding limited number of refinery jobs in the national economy.

15. Plaintiff received a letter, dated April 9, 2019, which gave further detail as to Unum's explanation for the denial of the LTD claim after the receipt of newly submitted records. Therein Unum states that the "file information failed to support restrictions/limitations continuously throughout the 1/17/18 through 7/15/18 period and then failed to support restrictions/limitations for a period after 7/15/18."

16. Plaintiff sent a letter on April 18, 2019, requesting an appeal of Unum's initial denial.

17. Thereafter, Mr. Smith consulted with his employer and made an attempt to return to work, seeking accommodations, etc. His employer refused to return him to work in any capacity, stating that he was disabled from performing this or any similar refinery position, or his prior job, with or without an accommodation.

18. The actions of his employer and Unum left Mr. Smith – a proud, loyal and dependable worker for decades – in a position where his employer would not have him because he could not do his job, and its insurer who was paid premium to address exactly such situations, claiming that he could do the very job which his employer refused to allow him to do and which his treating doctors would not allow.

19. In a letter dated April 23, 2019, Unum sent a letter again denying Plaintiff his LTD claim, reiterating that while Plaintiff's own employer may refuse to accept him back to work because of his disability, Unum's policy defines his ability to work in the "national economy" and not from any specific refinery employer or in any specific refinery location.

20. The denial of Plaintiff's claim for LTD benefits, based upon the finding that he purportedly was capable of performing his "regular (**refinery**) occupation, as it is performed in the national economy" (emphasis added) as of July 15, 2018, and thereafter, was wrong, arbitrary, capricious, contrary to the evidence, and without reasonable basis.

21. Defendants did not establish and maintain reasonable claims procedures or provide a full and fair review of Plaintiff's claim is required by ERISA. Instead, Defendants acted only in their own pecuniary interest and violated ERISA by conduct including, but not limited to, the following: (1) conducting review of Plaintiff's claim in a manner calculated to reach the desired result of denying benefits; (2) failing to properly consider and credit the medical opinions of **all** of Plaintiff's treating medical providers, each of whom concluded that Plaintiff was incapable of performing his work duties; (3) failing to properly consider and credit the medical opinions of Husky Refinery's medical director, Dr. Onamusi, who provided further medical support for and requested reconsideration of Unum's decision via his letter dated February 22, 2019.

22. Unum acted under an inherent conflict of interest in that the decision to deny Plaintiff's LTD benefits favorably impacted its financial interest.

23. Upon information and belief, the Plan does not grant Husky Energy/U.S. Refinery or any other entity discretionary authority to determine Plaintiff's eligibility for benefits. Therefore, the Court should review Plaintiff's claim for benefits under a *de novo* standard.

### CLAIM FOR RELIEF

24. Plaintiff incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

25. At all times relevant to this action, Plaintiff was a plan participant within the meaning of 29 U.S.C § 1002(7), and was eligible to receive LTD benefits under the Plan.

26. As more fully described above, Plaintiff exhausted the Plan's claim review procedures and administrative remedies.

27. As more fully described above, the Defendants' refusal to pay Plaintiff LTD benefits under the Plan for the period, through the present constitutes a breach of their obligations under

12

the Plan and ERISA; Defendants' denial of Plaintiff's claim was contrary to the evidence and without reasonable basis.

28. Plaintiff brings this action to recover LTD benefits due him, and to enforce his rights under the Plan pursuant to 29 U.S.C § 1132(a)(1)(B).

## COUNT I

29. Plaintiff incorporates by reference paragraphs 1 through would be 29, as if fully set forth herein.

30. Defendant Unum wrongfully denied Plaintiff's disability benefits, and, since then, has continued to deny such benefits to Plaintiff. Accordingly, Plaintiff is entitled to judgment, for all past due disability and other benefits.

## COUNT II

31. Plaintiff incorporates by reference paragraphs 1 through 31 issue as if fully set forth herein.

32. Defendant Unum wrongfully denied and terminated Plaintiff's disability benefits, and Plaintiff is entitled to a declaratory judgment adjudging and declaring his right to receive future disability benefits, and to be fully reinstated for all disability, medical, retirement, and other benefits under the Plan.

## COUNT III

33. Plaintiff incorporates by reference paragraphs 1 through 33 issue as if fully set forth herein.

34. In the alternative, in the event the subject plan is found not to be one cognizable under ERISA, Defendants have breached their duty of fair dealing in good faith owed to Plaintiff as follows:

    a. Denying and terminating all benefits rightfully due Plaintiff and his family.

    b. Willfully and in bad faith using the unequal wealth and bargaining position of the parties to affect economic gain for the Defendants.

    c. As a proximate result of the aforementioned wrongful conduct of defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages, all to his damage.

### COUNT IV

35. Plaintiff incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

36. In the alternative, in the event the subject plan is found not to be one cognizable under ERISA, despite having no legitimate or arguable reason to provide the aforesaid benefits, Defendants have willfully and intentionally wronged Plaintiff, or, in the alternative, have treated Plaintiff with such gross and reckless negligence as is equivalent to an intentional wrong, entitling Plaintiff to punitive damages and for their intentional and willfully wrongful act.

### COUNT V

37. Plaintiff incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

38. The actions of Defendants as set forth and described herein, constitute unlawful, unconstitutional, unreasonable, arbitrary, capricious and discriminatory actions against Plaintiff. Therefore, Plaintiff hereby requests this Court to enter a declaratory judgment against the Defendants, adjudicating their actions, described hereinabove, to be unlawful and unconstitutional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment for the Plaintiff, and otherwise enter an order providing that:

(a) The applicable standard for reviewing Defendants' denial of Plaintiff's LTD benefits is *de novo*;

(b) The Court may take and review the records of Defendants, and any other evidence it deems necessary to conduct an adequate *de novo* review;

(c) Defendants' denial of LTD benefits to Plaintiff was wrongful, contrary to the evidence, and without reasonable basis.

(d) Defendant shall pay to Plaintiff all LTD benefits due for the applicable period, and continuing until if and when Plaintiff is no longer disabled under the Plan, or reaches termination of benefits age;

(e) Defendant shall pay Plaintiff such pre-judgment interest as allowed by law pursuant to 29 U.S.C § 1132(a)(3) and Wis. Stat. § 628.46

(f) Defendant shall pay Plaintiff's costs of litigation and any and all other reasonable costs permitted by law;

(g) Defendant shall pay reasonable attorneys' fees for Plaintiff's counsel pursuant to 29 U.S.C § 1132(g)(1).

(h) Plaintiff shall receive such further relief as the Court deems lawful, just, and proper.

Dated this __4__ day of __December__ 2019.

                    TORVINEN, JONES, ROUTH, TORVINEN & SAUNDERS, S.C.

                    _/s/ Kyle H. Torvinen_

                    Kyle H. Torvinen (Bar No. 1022069)
                    Attorney for Plaintiff Hugh C. Smith
                    823 Belknap Street, Suite 222
                    Superior, WI 54880
                    Telephone: 715-394-7751
                    Facsimile: 715-395-0923
                    Email: ktorvinen@superiorlawoffices.com